UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY and STATE FARM FIRE
AND CASUALTY COMPANY

Plaintiffs,

v.

SHELBIE FROUNFELTER, et al.,

Defendants.

CASE NO. C16-5242BHS

ORDER GRANTING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on plaintiffs/counterclaim-defendants State

Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance

Company's (collectively "State Farm") motion for summary judgment. Dkt. 30. Also

before the Court are the motions to continue and strike filed by Defendants/Counter-

Plaintiffs Shelbie Frounfelter ("Frounfelter"), Rosa Morelos and Sergio Morelos

("Moreloses"), and Rosa Morelos as administratrix of the Estate of M. Rosario Chacon-

Cisneros (the "Estate") (collectively "Counter-Plaintiffs"). Dkt 32. Finally, the Court

1  must also consider State Farm's motion to strike (Dkt. 35) and Counter-Plaintiffs' motion

2  to extend the deadline for their response to summary judgment (Dkt. 37).

3  **I. PROCEDURAL HISTORY**

4  On March 31, 2016, State Farm filed a complaint for declaratory judgment against

5  Counter-Plaintiffs. Dkt. 1. Therein, State Farm sought to establish that Frounfelter was

6  not entitled to coverage under the insurance policies of her father, Michael Webb

7  ("Webb"). *Id.*

8  On July 12, 2016, Counter-Plaintiffs answered, alleging coverage and asserting

9  counterclaims for breach of contract, bad faith, and violations of the Washington

10 Consumer Protection Act. Dkt. 14.

11 On August 29, 2016, State Farm filed a motion seeking partial summary judgment

12 on its declaratory claim of no coverage. Dkt. 19. On November 3, 2016, the Court

13 granted the motion, determining that Frounfelter was not covered under Webb's policies

14 because she was not a "resident relative" under the policies' defined terms. Dkt. 26.

15 On January 26, 2017, State Farm moved for summary judgment on the

16 counterclaims. Dkt. 30. On February 15, 2016, Counter-Plaintiffs responded and moved

17 to stay the motion for summary judgment until they can pursue further discovery. Dkt.

18 32. They also moved to strike certain statements from the declaration of Steven

19 McGhehee (Dkt. 31). *Id.* at 5–6. On February 17, State Farm replied, also requesting that

20 the Court strike Counter-Plaintiffs' response as untimely. Dkt. 35. Also on February 17,

21 2017, Counter-Plaintiffs moved to extend the deadline for their late-filed response. Dkt.

22 37. On March 1, 2017, State Farm responded in opposition to the extension.

## II. FACTUAL BACKGROUND

The underlying facts involve a car accident caused by Frounfelter involving the other Defendants. On January 1, 2012, Frounfelter turned sixteen. She acquired her driver's license a few days after her birthday. Frounfelter's mother, Lisa Siler, and father, Michael Webb, split custody of Frounfelter under a parenting plan. Under the plan, Mrs. Siler had sole decision-making authority over Frounfelter's upbringing, Mrs. Siler's house was Frounfelter's primary residence, and Mr. Webb had weekend and occasional holiday visitation rights.

On August 31, 2012, Mr. Webb bought Frounfelter a 2004 Mustang convertible as a gift. The car was titled and registered in Mrs. Siler's name even though Mr. Webb paid for the car. On October 12, 2012, Frounfelter was involved in a serious accident with the car. M. Rosario Chacon-Cisneros died from injuries sustained in the accident, and the Moreloses also sustained injuries. The Moreloses sued Frounfelter, Mrs. Siler, and Mr. Webb in state court. The jury denied the vicarious liability claims against Mrs. Siler and Mr. Webb, but returned a verdict against Frounfelter for $382,206 in damages. State Farm insured Mrs. Siler, and, after the verdict, tendered policy limits of $50,000. This matter involves Mr. Webb's policies.

At the time of the accident, Mr. Webb had three policies with State Farm. First, Mr. Webb had an automobile insurance policy. This policy defined an insured as Mr. Webb and his "resident relatives." Dkt. 20-12 at 9. The policy provided a definition for the term "resident relative" as follows:

1         *Resident Relative* means a *person*, other than *you*, who resides
     primarily with the first *person* shown as a named insured on the
2    Declarations Page and who is:
          1. related to that named insured or his or her spouse by blood,
3    marriage, or adoption. An unmarried and unemancipated child of that
     named insured or his or her spouse is considered to reside primarily with
4    that named insured while that child is away at school; or
          2. a ward or a foster child of that named insured, his or her spouse,
5    or a *person* described in 1. above.

6    *Id*. at 8. Mr. Webb also had an umbrella policy that also insured Mr. Webb and his

7    "relatives whose primary residence is [Mr. Webb's] household." Dkt. 20-13 at 10. The

8    Court has already determined that Frounfelter is not a "resident relative" under Mr.

9    Webb's policies. Dkt. 26.

10                            **III. DISCUSSION**

11   **A.**     **State Farm's Motion to Strike**

12        State Farm moves to strike the Counter-Plaintiffs' response to State Farm's motion

13   for summary judgment because it was filed two days late. Dkt. 35 at 2–3. Indeed,

14   Counter-Plaintiffs failed to comply with the local rules of procedure. *See* W.D. Wash.

15   Local Rules LCR 7(d). They also failed to properly request an extension, despite the fact

16   that one of their purported reasons for failing to meet the deadline (the need for additional

17   discovery) was clearly foreseeable. *See* LCR 7(j). Nonetheless, State Farm has failed to

18   show sufficient prejudice to justify striking the response.

19        In considering motions for relief from a deadline, the Court must consider the

20   equitable *Pioneer/Briones* four-factor test. *See Ahanchian v. Xenon Pictures, Inc.*, 624

21   F.3d 1253, 1261 (9th Cir. 2010). Balancing these factors, the Court finds that striking the

22   response is unnecessary under the circumstances. The delay certainly impacted the

ORDER - 4

1  manner in which State Farm could reply. However, State Farm cannot claim any real

2  prejudice, as the Court is ultimately granting the motion for summary judgment.

3  Regardless, striking the motion would only burden the Court with the task of

4  contemplating any possible responsive arguments without the guidance of briefing: "a

5  nonmoving party's failure to comply with local rules does not excuse the moving party's

6  affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of

7  law." *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (citing Fed. R. Civ. P.

8  56). The motion is denied.

9        As an additional note, Counter-Plaintiffs' motion to extend the deadline for their

10  response (which was itself submitted days after the response was already filed) is denied

11  as moot, as the Court has declined to strike the response to summary judgment.

12  **B.    Counter-Plaintiffs' Motion to Strike**

13        Counter-Plaintiffs argue that the Court should strike (or "not give weight to")

14  paragraphs 4–11, 16–17, and 20 of Steven McGehee's declaration (Dkt. 31). Dkt. 32 at

15  5–6. They argue that the statements are not supported by the exhibits attached to the

16  declaration and that, although Mr. McGehee is a proper custodian of the relevant State

17  Farm records that might support these statements, such statements lack foundation and

18  are hearsay. Dkt. 32 at 5.

19        The Court denies the motion to strike. "[P]ersonal knowledge can come from

20  review of the contents of files and records." *Washington Cent. R. Co., Inc. v. Nat'l*

21  *Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) (citing *Londrigan v. Federal*

22  *Bureau of Investigation*, 670 F.2d 1164, 1174–75 (D.C. Cir. 1981); *Vote v. United States*,

1    753 F. Supp. 866, 868 (D. Nev. 1990), *aff'd*, 930 F.2d 31 (9th Cir. 1991)). Because Mr.

2    McGehee appears to be a proper custodian of the records from which his statements are

3    drawn, and it appears that such documents would be admissible as reliable business

4    records, Mr. McGehee's statements are admissible. *See id.* at 1355 ("[T]here is no

5    requirement that all statements made on personal knowledge be supported by

6    independent documentation" when the affiant "states, under penalty of perjury, that his

7    declaration is based on personal knowledge of the contents of the file.").

8         This does not mean that the Court fails to recognize that, while State Farm has

9    submitted documents that support the majority of Mr. McGehee's testimony, Mr.

10   McGehee has made numerous other factual assertions without submitting the actual

11   supporting records. It is difficult for the Court to afford much weight to such statements,

12   especially when it appears that the opposing party has not yet availed themselves of

13   discovery procedures to review the underlying documents. Nonetheless, the statements

14   that Counter-Plaintiffs seek to strike are not germane to the Court's analysis. As

15   explained below, the Court's decision rests solely on the absence of any contract between

16   Frounfelter and State Farm, an issue to which the challenged statements of Mr. McGehee

17   are irrelevant.

18   **C.    Motion to Continue**

19        Counter-Plaintiffs move to continue the motion for summary judgment on the

20   basis that (1) they have not yet obtained "a full and complete copy of State Farm's

21   'claims file' related to this matter," and (2) they have not yet deposed Ms. Fortin, the

22   claims adjuster who handled the relevant insurance claim. Dkt. 32 at 6–8. State Farm

1    opposes the continuance, arguing that the Counter-Plaintiffs have "failed to demonstrate

2    that they have acted diligently in pursuing discovery or that the claim file or Ms. Fortin's

3    deposition would preclude summary judgment." Dkt. 35 at 4.

4         "If a nonmovant shows that, for specified reasons, it cannot present facts essential

5    to justify its opposition, the court may . . . allow time to obtain affidavits or declarations

6    or to take discovery." Fed. R. Civ. P. 56(d). While there is no indication that Counter-

7    Plaintiffs have somehow been lacking diligence in seeking discovery, the Court

8    nonetheless denies Counter-Plaintiffs' motion to continue because no discovery could

9    preclude summary judgment in favor of State Farm. The central issue to State Farm's

10   motion is whether the Counter-Plaintiffs' claims are cognizable when the Court has

11   already determined that Frounfelter does not qualify as a "relative resident" under Mr.

12   Webb's insurance policies. This is not a factual question, but rather, an entirely legal one.

13   Therefore, further discovery cannot supply presently unavailable facts that are essential to

14   justify Counter-Plaintiffs' opposition, and the Court denies the motion to continue.

15   **D.    Motion for Summary Judgment**

16        Summary judgment is proper only if the pleadings, the discovery and disclosure

17   materials on file, and any affidavits show that there is no genuine issue as to any material

18   fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

19   The moving party is entitled to judgment as a matter of law when the nonmoving party

20   fails to make a sufficient showing on an essential element of a claim in the case on which

21   the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

22   (1986). There is no genuine issue of fact for trial where the record, taken as a whole,

1  could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.*

2  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

3  present specific, significant probative evidence, not simply "some metaphysical doubt").

4  *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if

5  there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

6  jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

7  U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

8  626, 630 (9th Cir. 1987). The Court must construe any factual issues of controversy in

9  favor of the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

10       In Washington, "a third-party *insured* has a cause of action for bad faith claims

11  handling that is not dependent on the duty to indemnify, settle, or defend." *St. Paul Fire*

12  *& Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 132 (2008) (emphasis added).

13  Generally, "[a] duty of good faith and fair dealing is deemed to exist in every contract,

14  but it arises only in connection with the performance of specific contract obligations. If

15  no contractual duty exists, there is nothing that must be performed in good faith." *Donald*

16  *B. Murphy Contractors, Inc. v. King Cty.*, 112 Wn. App. 192, 197 (2002). In this same

17  vein, "[a]n action for breach of good faith against an insurer is limited to the *insured*."

18  *Dussault ex rel. Walker-Van Buren v. Am. Int'l Grp., Inc.*, 123 Wn. App. 863, 867 (2004)

19  (emphasis added). Under this principle, Washington Courts have recognized that such a

20  cause of action is unavailable for those who "are not intended beneficiaries of liability

21  policies and are owed no direct contractual obligation by insurers." *Id.* Therefore, if a

22  party not named in an insurance policy cannot establish that it is an intended third party

1   beneficiary, its claims under that policy must fail. *See Postlewait Const., Inc. v. Great*

2   *Am. Ins. Companies*, 106 Wn.2d 96, 102 (1986) ("Our holding that [the plaintiff] is not

3   an intended third party beneficiary of the insurance agreement . . . renders moot the

4   [plaintiff]'s claims against the insurer for bad faith and breach of the Consumer

5   Protection Act.").

6       As third party claimants, it is clear that without assignment, the Moreloses and the

7   Estate cannot prevail on an insurance bad faith or CPA claim. *See Trinity Universal Ins.*

8   *Co. of Kansas v. Ohio Cas. Ins. Co.*, 176 Wn. App. 185, 201 (2013). Although

9   Frounfelter has purported to assign any rights she may have under Mr. Webb's policies to

10  the Moreloses and the Estate, the Court has already determined that Frounfelter has no

11  coverage under Mr. Webb's policies because she is not a "resident relative." Dkt. 26.

12  While the Court phrased its previous ruling in terms of "no coverage," the underlying

13  reasoning was clearly that Frounfelter does not qualify as an insured under the contract.

14  By finding that Frounfelter is not an insured, the Court has already determined that

15  Frounfelter has no rights arising under Mr. Webb's insurance contracts and, accordingly,

16  she had nothing to assign to the other Counter-Plaintiffs. Therefore, State Farm is entitled

17  to summary judgment, as none of Counter-Plaintiffs are third party beneficiaries and their

18  claims are based entirely on the contract between Mr. Webb (the policies' "insured") and

19  State Farm.

20                              **IV. ORDER**

21      Therefore, it is hereby **ORDERED** that:

22          1.  State Farm's motion for summary judgment (Dkt. 19) is **GRANTED**.

2. Counter-Plaintiffs' motion to continue (Dkt. 32) is **DENIED**.

3. Counter-Plaintiffs' motion to strike (Dkt 32) is **DENIED**.

4. State Farm's motion to strike (Dkt. 35) is **DENIED.**

5. Counter-Plaintiffs' motion to extend the deadline for their response to summary judgment (Dkt. 37) is **DENIED** as moot.

6. The Clerk is directed to close this case.

Dated this 20th day of March, 2017.

BENJAMIN H. SETTLE
United States District Judge